# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Satish Emrit, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-379 (UNA) |
| Federal Bureau of Investigation, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a resident of Sarasota, Florida, has sued the Federal Bureau of Investigation for alleged tortious conduct and violations of the Constitution and federal laws. *See* Compl. ¶¶ 1-4. For each claim, plaintiff alleges that the FBI racially profiled him "as an Arab, Middle Easterner, or Muslim around 2001[.]" *Id*. ¶¶ 74, 78, 82, 84, 86, 91, 93, 97, 101. He also suggests that the FBI targeted him for surveillance because he "had a Cuban fiance [sic] in 1999[.]" *Id*. Plaintiff seeks $80,000 in monetary damages. Compl. at 32.

Apart from the fact that this action comes well beyond the six-year statute of limitations for suing the United States, 28 U.S.C. § 2401(a), Congress has not waived the federal government's immunity from lawsuits based on constitutional violations. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, waives the federal government's immunity for certain personal injury claims, and it is the only plausible basis for plaintiff's claim for monetary damages. *See id*. § 2679 (the remedies under the FTCA are "exclusive"). But before proceeding in federal court, the complainant must have first presented the claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Under the law of this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Nothing in the complaint suggests that plaintiff has pursued his administrative remedy under the FTCA. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 6, 2020

        s/
AMY BERMAN JACKSON
United States District Judge